(626 P.2d 1192)

No. 51,835

*In re:* SAM HELBACH APPEAL—Road Vacating

Opinion filed April 17, 1981.

*Daryl E. Hawkins,* of Herington, for appellant Sam Helbach.

*David W. Wheeler,* of Wheeler & Wheeler, of Marion, for appellee Board of Marion County Commissioners.

Before REES, J., presiding, JUSTICE MILLER, and STEVEN P. FLOOD, District Judge, assigned.

REES, J.: As an aggrieved party, Sam Helbach undertook an appeal from a road vacation order made by the board of county commissioners of Marion County. A trial de novo on the record was sought. The trial court dismissed for lack of jurisdiction.

The appellant concedes the board acted lawfully. We are asked to find that the action of the board was quasi-judicial, not administrative or legislative, and to afford a trial de novo on the record. If the action of the board was administrative, no judicial review by appeal was available. This is acknowledged by the appellant.

We hold that when a board of county commissioners finds a road is not a public utility and orders its vacation (K.S.A. 68-102), the board action is administrative, not quasi-judicial. Absent statutory provision for judicial review, no appeal is available. See *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978).

Even if we were to hold the board action was quasi-judicial, in this case it remains that the evidence, as reflected by the record, (1) supported conflicting permissible inferences and conclusions, (2) did not, as a matter of law, mandate a contrary decision, and (3) included evidence sufficient to support the order.

Affirmed.